UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JAMES HILL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:22 CV 262 |
| | ) |
| NORTHWEST INDIANA MAJOR | ) |
| CRIMES TASK FORCE, | ) |
| | ) |
| Defendants. | ) |

**OPINION and ORDER**

**I.     BACKGROUND**

Plaintiff was convicted of crimes in the State of Indiana, twice. In both cases, his convictions were vacated because plaintiff was deprived of potentially exculpatory evidence in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). In the present lawsuit, plaintiff sues the officers who investigated his criminal cases for withholding evidence from prosecutors in violation of his constitutional rights under 42 U.S.C. § 1983. (*See* Am. Compl., DE # 71.) He also alleges that the municipalities who employed these officers are liable under *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658 (1978), for maintaining unconstitutional customs and policies. (DE # 71.) Finally, plaintiff alleges that the defendants were involved in a conspiracy to deprive him of his constitutional rights. (*Id.*)

Four municipal defendants (the Town of Griffith, the City of Portage, the Town of Porter, and the City of Valparaiso), along with the officers they employed (Gregory Manse, Michael Veal, Jeffrey Balon, and Janis Regnier), have moved to dismiss the

claims against them, primarily under Federal Rule 12(b)(6).[1] (DE ## 78, 80, 82, 89.) The arguments made in these four motions are nearly identical, so they will be addressed collectively in this opinion. The motions are fully briefed and ripe for ruling.

## II.    LEGAL STANDARD

Defendants move to dismiss the claims against them, primarily under Federal Rules of Civil Procedure 12(b)(6). A court reviewing a complaint pursuant to Rule 12(b)(6) must construe the allegations in the complaint in the light most favorable to the non-moving party, accept all well-pleaded facts as true, and draw all reasonable inferences in favor of the non-movant. *United States ex rel. Berkowitz v. Automation Aids, Inc.*, 896 F.3d 834, 839 (7th Cir. 2018).

Under the liberal notice-pleading requirements of the Federal Rules of Civil Procedure, the complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "While the federal pleading standard is quite forgiving, . . . the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ray v. City of Chicago,* 629 F.3d 660, 662-63 (7th Cir. 2011); *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).

---

[1] Defendants also moved to dismiss for improper service of process, though all but defendant Veal abandoned this argument in the course of briefing.

To meet this standard, a complaint does not need detailed factual allegations, but it must go beyond providing "labels and conclusions" and "be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. A complaint must give "enough details about the subject-matter of the case to present a story that holds together." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010). Even if the truth of the facts alleged appears doubtful, and recovery remote or unlikely, the court cannot dismiss a complaint for failure to state a claim if, when the facts pleaded are taken as true, a plaintiff has "nudged their claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570.

## III.   DISCUSSION

Defendants first argue that the officers are entitled to qualified immunity. The defense of qualified immunity shields government officials from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known. *Marshall v. Allen*, 984 F.2d 787, 791 (7th Cir. 1993). The United States Supreme Court holds that if no constitutional right was violated, then qualified immunity applies. *Saucier v. Katz*, 533 U.S. 194, 201 (2001). Even if a right is potentially violated, though, an official is still entitled to qualified immunity if the right was not clearly established at the time of the deprivation. *Id.* These two prongs of the qualified immunity analysis may be addressed in any order. *Pearson v. Callahan*, 555 U.S. 223, 236 (2009).

3

Relevant to this case, officers may be personally liable for withholding evidence from prosecutors and thus causing violations of the constitutional requirement that criminal defendants have access to material, exculpatory evidence. *United States v. Davis,* 793 F.3d 712, 720 (7th Cir. 2015). This legal principle is not novel, and was clearly established at the time of the officers' alleged wrongdoing, so the second prong of the qualified immunity analysis does not appear to aid the officers in this case, at least not under the undisputed facts. *See, e.g., Newsome v. McCabe,* 260 F.3d 824, 825 (7th Cir. 2001), abrogated in part on other grounds by *Manuel v. City of Joliet,* 580 U.S. 357 (2017).

To the extent that the officers seek to establish that a constitutional violation did not occur, thus satisfying the first prong of *Saucier,* the argument is premature. This is because an officer can only be liable for a *Brady* violation if the officer's failure was *intentional*; thus, the constitutional violation alleged in this case hinges upon the officers' intent. *Moran v. Calumet City*, 54 F.4th 483, 493 (7th Cir. 2022). Intent cannot be determined on the pleadings; it is up to a fact-finder to assess the evidence and/or the credibility of the officers at a later stage. *DuFour-Dowell v. Cogger,* 152 F.3d 678, 680 (7th Cir. 1998) ("Because the facts are in hot dispute, the officers cannot seek pretrial refuge behind a claim of qualified immunity . . . a fact finder must decide if DuFour can prove that Morgan and Cogger acted in this fashion."). Accordingly, the request for qualified immunity must be denied.

Defendants also seek dismissal on grounds of issue preclusion, a concept that is raised by defendants using various terms including judicial estoppel and collateral

4

estoppel. Defendants' primary argument that issue preclusion applies in this case is the fact that plaintiff has previously pointed the finger at the State of Indiana for committing the *Brady* errors that twice led to his release. Defendants call attention to plaintiff's amended complaint, which alleges that "the state's failure to disclose exculpatory evidence prior to trial" led to plaintiff's conviction being overturned. (DE # 71 ¶¶ 18-19.) Plaintiff and the State of Indiana also filed an agreed statement in one of plaintiff's criminal cases in which they jointly acknowledged that defendant did not receive certain evidence as a result of an unintentional oversight by the State. (DE # 25-10 at 4.) Further, plaintiff filed a notice in another civil case that the Lake County Superior Court set aside plaintiff's 2018 murder conviction due to a *Brady* violation that "appears to have been caused by the State of Indiana." (DE # 25-12.)

According to defendants, these statements constitute admissions by plaintiff that the relevant constitutional errors were made by the State of Indiana, not the individual officers or the entities employing them. Defendants ask the court to give these statements preclusive effect in the present lawsuit. Logically, though, plaintiff's statements regarding the State's errors do not eliminate the possibility that the officers are also culpable for their own alleged misdeeds. *See Davis*, 793 F.3d at 720 (officers may be personally liable for withholding evidence from prosecutors).

Defendants further argue that judicial estoppel requires dismissal of this lawsuit because the Lake County Superior Court itself blamed the State for failing to comply with *Brady* when it vacated defendant's convictions. (DE # 25-11.) This argument suffers

5

from the same logical pitfall– the Lake County Superior Court's holding regarding the State's error does not necessarily absolve the officers of wrongdoing. Further, the decision of the Lake County Superior Court has no preclusive effect in this case because that court did not adjudicate the issue of the officers' liability. "In order for a matter to have been 'necessarily adjudicated' such that issue preclusion applies, the determination must have been essential to the decision." *Musgrave v. Squaw Creek Coal Co.*, 964 N.E.2d 891, 898 (Ind. Ct. App. 2012). The Lake County Superior Court found that the State's *Brady* errors required plaintiff's convictions to be vacated, but under *Brady*, suppression of evidence favorable to the accused violates due process in criminal proceedings, "irrespective of the good faith or bad faith" of the officers. *Bunch v. State*, 964 N.E.2d 274, 297 (Ind. Ct. App. 2012). In other words, whether officers *intentionally* withheld evidence was not even before the Lake County Superior Court, much less adjudicated by it, and even if they had commented on the officers' actions, it would have been dicta. *In re Adoption of L.T.*, 9 N.E.3d 172, 179 (Ind. Ct. App. 2014). For these reasons, judicial estoppel does not require dismissal of the present lawsuit.

Defendants also argue that plaintiff fails to plausibly allege *Monell* and conspiracy claims as required by Federal Rule of Civil Procedure 8. *Monell* provides that a municipality can be liable under Section 1983 if action pursuant to an official policy or custom of the municipality causes a constitutional tort, 436 U.S. at 690-91, while a Section 1983 conspiracy claim may succeed if it is proven that government officials reached an understanding to deprive a plaintiff of his constitutional rights. *Logan v.*

6

*Williams,* 644 F.3d 577, 583 (7th Cir. 2011). Defendants point out that allegations of a single incident are insufficient to support a claim under *Monell* (*see, e.g.,* DE # 81 at 11), and they further argue that there are "no allegations" from which it could be reasonably inferred that defendants engaged in a conspiracy (*see, e.g.,* DE # 81 at 13). However, it is beyond dispute that plaintiff was deprived of potentially exculpatory evidence, twice. This alone "nudges plaintiff's [*Monell* and conspiracy] claims across the line from conceivable to plausible." *Twombly,* 550 U.S. at 570. What role the officers or their employing municipalities played in this deprivation has yet to be seen, but the allegations – taken as true for purposes of the present lawsuit – satisfy Rule 8's pleading requirements.

Defendants argue that even if plaintiff's *Monell* and conspiracy claims are properly pleaded, they should be dismissed because where no constitutional tort occurred in the first place, no municipal or conspiratorial liability can be had. *See Jenkins v. Bartlett,* 487 F.3d 482, 492 (7th Cir. 2007); *Gill v. City of Milwaukee,* 850 F.3d, 335, 344 (7th Cir. 2017). However, as explained previously, the court cannot determine at the pleadings stage whether a constitutional tort occurred because the inquiry requires a factual determination regarding the officers' intent. *Moran,* 54 F.4th at 493. In short, defendants' request to eradicate the *Monell* and conspiracy claims due to the lack of an underlying constitutional wrong is premature.

Finally, defendant Veal seeks dismissal of the claims against him under Rules 12(b)(2) and 12(b)(5), because he was not properly served with process. (DE # 80.) The

7

plaintiff bears the burden to demonstrate that the district court has jurisdiction over each defendant through effective service, *Homer v. Jones-Bey*, 415 F.3d 748, 754 (7th Cir. 2005), but plaintiff did not address the issue of service in his response brief to Veal's motion to dismiss. (DE # 92.) In accordance with Federal Rule of Civil Procedure 4(m), the court now orders plaintiff to perfect service on Veal by November 30, 2024. If plaintiff does not do so, the court will consider whether dismissal of the claims against Veal without prejudice is appropriate under the factors set forth in *Cardenas v. City of Chicago*, 646 F.3d 1001, 1005 (7th Cir. 2011).

### IV.   CONCLUSION

For the foregoing reasons, defendants' motions to dismiss are **DENIED.** (DE ## 78, 80, 82, 89.) Plaintiff must perfect service on defendant Michael Veal by **November 30, 2024**, or the claims against Veal may be dismissed.

**SO ORDERED.**

Date: September 30, 2024

s/James T. Moody_____
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT